**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROBERT ORGAIN, et al.** | : | |
|     **Plaintiffs,** | : | |
| | : | |
| | : | |
|     **v.** | : | **CIVIL NO. L-02-2797** |
| | : | |
| | : | |
| **CITY OF SALISBURY,** | : | |
| **MARYLAND, et al.** | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

This is a civil rights case alleging that the City of Salisbury, the Salisbury Police, and Police Chief Allen Webster misused their authority to drive Robert and Rebecca Orgain's nightclub, which was predominantly patronized by African-Americans, out of business. Now pending are: (i) Plaintiffs' motion for order to show cause why Defendants should not be held in contempt, and (ii) Plaintiffs' motion to reopen discovery.

For the reasons stated herein, the Court will, by separate Order, (i) DENY Plaintiffs' motion for order to show cause (Docket No. 57), and (ii) GRANT Plaintiffs' motion to reopen discovery (Docket No. 60).

**I.   BACKGROUND**

On September 15, 2004, the Court granted a motion to compel filed by Plaintiffs and ordered Defendants to produce (i) a July 9, 2002 letter from the Salisbury City Council to the Salisbury mayor

demanding that Police Chief Webster be fired, and (ii) Salisbury Police Department "case files"[1] related to the Andromeda and Brew River night clubs[2] from October 1, 2000 through June 4, 2002. The parties later agreed that Defendants would make the case files available to Plaintiffs at the Salisbury Police Department in Salisbury, Maryland on October 8, 2004.

Plaintiffs' counsel traveled to Salisbury on October 8, 2004, and Defendants produced the complete Andromeda night club case files. Defendants did not, however, produce the complete Brew River club case files. Subsequent to the October 8, 2004 meeting, Defendants located the remainder of the Brew River club case files and sent them to Plaintiffs.[3] Defendants did not charge Plaintiffs for the copying of these materials. By October 26, 2004, Defendants had fully complied with the Court's September 15, 2004 Order.

On October 12, 2004, Plaintiffs filed a "motion for order to show cause why Defendants should not be held in contempt." Plaintiffs request that the Court issue a show cause order (i) directing Defendants to show why they are not in contempt for failing to produce the complete case files at the October 8, 2004 meeting, and (ii) ordering Defendants to pay attorneys' fees associated with the filing of the motion for order to show cause as well as counsel's trip to Salisbury.

On November 2, 2004, Plaintiffs filed a motion to reopen discovery. Plaintiffs request two additional months of discovery so that they may review the documents produced pursuant to the

---

[1] Case files may contain an incident report, an offense report, photographs, lab reports, statements of charges, notes, electronic mail, correspondence, drafts, or similar items.

[2] Plaintiffs owned and operated the Andromeda night club. Brew River appears to be a similarly situated club that the Orgains contend received more lenient treatment.

[3] Defendants offer no excuse for failing to locate the documents by October 8, 2004.

2

Court's September 15, 2004 order and conduct related depositions.  Plaintiffs seek to depose five individuals: (i) Councilwoman Lavonzella Siggers and former Councilwoman Rachel Polk, who authored the July 9, 2002 letter, (ii) an unnamed custodian of the case files produced by Defendants, (iii) Salisbury police officer Orwig,[4] who authored three of the documents included in the case files, and (iv) Lieutenant John Moore, who submitted an affidavit attached to the case files clarifying the dates of documents in the files.

## II.   ANALYSIS

### A.   Motion for Show Cause Order

Plaintiffs have not demonstrated prejudice caused by Defendants' failure to produce the case files on October 8, 2004.  Plaintiffs' counsel's trip to Salisbury was not a waste of time, as Defendants produced the entire Andromeda case file on that date.  Plaintiffs' counsel points to a delay in filing the motion to reopen discovery, but that delay amounted to only two-and-a-half weeks.  A two-and-a-half week delay does not justify the imposition of sanctions in this case.  Accordingly, the Court will DENY Plaintiffs' motion.  Defendants are cautioned, however, that subsequent failures to meet discovery deadlines or to fully comply with orders of this Court will not be met with such understanding.

### B.   Motion to Reopen Discovery

In order that Plaintiffs may conduct discovery related to documents produced pursuant to the Court's September 15, 2004 Order, Plaintiffs request 60 additional days of discovery.  The Court will GRANT Plaintiffs' motion.  The revised discovery schedule is as follows:

---

[4] The parties do not provide a first name for Officer Orwig.

| | |
|---|---|
| Discovery deadline; submission of status report | August 22, 2005 |
| Requests for admission | August 29, 2005 |
| Dispositive motions deadline | September 21, 2005 |

**III.	CONCLUSION**

For the reasons stated herein, the Court will, by separate Order filed this date, (i) DENY Plaintiffs' motion for order to show cause why Defendants should not be held in contempt (Docket No. 57), and (ii) GRANT Plaintiffs' motion to reopen discovery (Docket No. 60).


Dated this _21st__ day of June, 2005.

_____/s/_____
Benson Everett Legg
Chief Judge

4